## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

EDWIN RODRÍGUEZ,

Defendant.

CRIMINAL NO.  19-332 (GAG)

### REPORT AND RECOMMENDATION

Defendant Edwin Rodríguez was charged in a one (1) count Indictment and he agreed to plead guilty to Count One.  Count One charges that Defendant with reentry of deported alien, subsequent to a conviction for an aggravated felony, all in violation of Title 8, United States Code, Section 1326(b)(2).

On June 6, 2020, Defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court. Defendant was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Count One of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1] Upon verifying through Defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to

---

[1] The form entitled Consent to Proceed before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

United States of America v. Edwin Rodriguez
Criminal No. 19-332 (GAG)
Report and Recommendation
Page 2

understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to Defendant's competency and ability to understand the proceedings.

Having further advised Defendant of the charges contained in above-stated Count One, he was examined and verified as being correct that: he had consulted with his counsel, Raymond Sánchez-Maceira, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and for the Government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of his

United States of America v. Edwin Rodriguez
Criminal No. 19-332 (GAG)
Report and Recommendation
Page 3

right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, Defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, Defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty. The Defendant understands that, in relation to Count One of the Indictment, the maximum statutory penalty for the offense charged is a term of imprisonment of not more than twenty (20) years, pursuant to Title 8, United States Code, Section 1326(b)(2); a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), pursuant to Title 18, United States Code, Section 3571(b)(3) ; a supervised release term of not more than three (3) years, pursuant to Title 18, United States Code, Section 3583(b)(2); and a special monetary assessment of one hundred dollars ($100.00), pursuant to Title 18, United States Code, Section

United States of America v. Edwin Rodriguez
Criminal No. 19-332 (GAG)
Report and Recommendation
Page 4

3013(a)(2)(A).

Having ascertained directly from Defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea Agreement (Pursuant to Fed. R. Crim. P. Rule 11(c)(1)(C))" ("the Agreement") and the "Plea Agreement Supplement"[2] were shown to Defendant, verifying his signature and initials on each and every page.

The undersigned advised Defendant of the Rule 11(c)(1)(C) warnings in open court. Defendant indicated he discussed the Rule 11(c)(1)(C) warnings with his counsel and he understood the same. Defendant is aware that acceptance of the Plea Agreement is within the sound discretion of the sentencing judge and that the Guidelines, including the Guidelines' Policy Statements, Application, and Background Notes. Further, Defendant understands and acknowledges that the Court is not a party to the Plea Agreement and, thus, is not bound by the agreement, its sentencing calculations, or recommendations. Defendant is aware that the Court may accept or reject the agreement, or may defer its decision whether to accept or reject the agreement until it has considered the pre-sentence investigation report. *See* Fed. R. Crim. P. 11(c)(3)(A). If the court accepts this agreement, it will inform the defendant that the agreement is of the type specified by Rule 11(c)(1)(C) and that the agreed disposition will be included in the judgment. *See* Fed. R.

---

[2] Defendant acknowledged discussing the "Plea Agreement Supplement" with his counsel and stated he understood the terms and consequences of the same. Defense counsel recognized he explained to Defendant the content of the "Plea Agreement Supplement" and explained to Defendant its consequences.

United States of America v. Edwin Rodriguez
Criminal No. 19-332 (GAG)
Report and Recommendation
Page 5

Crim. P. 11(c)(4).   If the court rejects the plea agreement, Defendant will be informed,

personally advised that the Court is not required to follow the plea agreement, given an

opportunity to withdraw the plea, and personally advised that if the plea is not withdrawn,

the court may dispose of the case less favorably toward the defendant than the plea

agreement contemplated. *See* Fed. R. Crim. P. 11(c)(5)(A)-(C).

The above-captioned parties' estimate an agreement that appears on page three

(3), paragraph seven (7) of the Agreement, regarding the possible applicable advisory

Sentencing Guidelines, were further elaborated and explained. As to Count One, pursuant

to U.S.S.G. §2L1.2(a), the Base Offense Level is of eight (8). Pursuant to U.S.S.G.

§2L1.2(b)(2)(C), there is an increase of six (6) levels for prior conviction of a felony

offense.   Pursuant to U.S.S.G. §3E1.1(a), there is a decrease of two (2) levels for

defendant's acceptance of responsibility. Therefore, the Total Offense Level is of twelve

(12), yielding an imprisonment range of ten (10) to sixteen (16) months, assuming a

Criminal History Category of I; an imprisonment range of twelve (12) to eighteen (18)

months, assuming a Criminal Category of II; an imprisonment range of fifteen (15) to

twenty-one (21) months, assuming a Criminal History Category of III.

The parties do not stipulate as to any Criminal History Category for Defendant.

After due consideration of the relevant factors enumerated in Title 18, United

States Code, Section 3553(a), the parties agree to recommend to the Court that Defendant

be sentenced to a term of eighteen (18) months of imprisonment. The parties agree that

this sentence is reasonable pursuant to Title 18, United States Code, Section 3553(a). The

United States of America v. Edwin Rodriguez
Criminal No. 19-332 (GAG)
Report and Recommendation
Page 6

parties further agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation constitutes a material breach of the Plea Agreement.

The United States and Defendant agree that no further adjustments or departures to Defendant's adjusted base offense level and no variance sentence under 18 U.S.C. §3553 shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure will be considered a material breach of the Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant agrees and recognizes, that if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

As part of the written Agreement, the Government, the Defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The Government presented to this Magistrate Judge and to Defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the Government had available to establish, in the event Defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and Defendant acknowledged the evidence of the Government was fully disclosed to them and previously discussed between the two. Defendant was also read and shown a document entitled

<u>United States of America v. Edwin Rodriguez</u>
Criminal No. 19-332 (GAG)
Report and Recommendation
Page 7

"Stipulation of Facts", which had been signed by Defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the Government also appears.   Defendant was able to understand the explanation and agreed with the Government's submission.

Defendant was explained that the Agreement with the Government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which Defendant, his attorney and the Government, have entered.

Having once more ascertained that Defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, Defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole.   Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the Government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea.   Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law.   With few exceptions, any notice of appeal

must be filed within fourteen (14) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea Agreement contains a waiver of appeal in paragraph ten (10) which was read to Defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

Defendant waived the reading of the Indictment in open court because he is aware of its content, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count One was what he had done and to which he was pleading guilty during these proceedings. Thereafter, Defendant expressed in no uncertain terms that he agreed with the Government's evidence as to his participation in the offense. Thereupon, Defendant indicated he was pleading guilty to Count One of the Indictment in Criminal No. 19-332 (GAG).

This Magistrate Judge after having explained to the Defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Indictment in Criminal No. 19-332 (GAG).

IT IS SO RECOMMENDED.

United States of America v. Edwin Rodriguez
Criminal No. 19-332 (GAG)
Report and Recommendation
Page 9

The sentencing hearing is set for June 9, 2020 at 9:00 am before Honorable Gustavo A. Gelpí, District Judge.

The parties have fourteen (14) days to file any objections to this report and recommendation. Amended Fed. R. Crim P. 59 (b)(2). See also Amended Local Rules. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988).

San Juan, Puerto Rico, this 7th day of February of 2020.

s/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE